### CITY OF WELLSVILLE, OHIO, v. UNITED STATES et al.

(District Court, N. D. Ohio, E. D. March 13, 1922.)

No. 682.

Commerce ⬤⇒85—Interurban electric railway held not engaged in "general transportation of freight."

The fact that a street and interurban electric passenger railway carried a small amount of freight in less than carload lots, from which its revenues were less than 5 per cent. of its gross revenues and were reported under express earnings, does not establish that the railway was in the general transportation of freight.

In Equity. Suit by City of Wellsville, Ohio, against the United States and others. On motion of plaintiff for a preliminary injunction and motion of defendants to dismiss the bill. Motion to dismiss denied, and preliminary injunction granted.

Charles Boyd, City Sol., James E. O'Grady, both of Wellsville, Ohio, for city of Wellsville.

Blackburn Esterline, Sp. Asst. Atty. Gen., for the United States.

Walter McFarland, of Washington, D. C., for Interstate Commerce Commission.

Agnew Hice, of Beaver, Pa., and S. H. Tolles (of Tolles, Hogsett, Ginn & Morley), of Cleveland, Ohio, for Steubenville, E. L. & B. V. Traction Co.

Before DONAHUE, Circuit Judge, and KILLITS and WESTENHAVER, District Judges.

WESTENHAVER, District Judge. This suit is the counterpart of the Village of Hubbard v. United States et al., 278 Fed. 754, this day decided. It was heard, argued, and submitted at the same time, and involves substantially similar facts and precisely the same questions of law. These questions likewise arise upon plaintiff's application for a preliminary injunction and upon motion of defendants the United States and the Steubenville, East Liverpool & Beaver Valley Traction Company to dismiss, and upon an answer to the merits filed by the

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
278 F.—49

Interstate Commerce Commission setting up its order and its findings of fact. The same conclusion and judgment is required.

The general situation is correctly set forth in the report of the Interstate Commerce Commission, and need not be repeated here. The defendant railway, upon the facts as found, is a street and interurban electric passenger railway, and is not engaged in the general business of transporting freight in addition to its passenger and express business, nor is it operated as a part of a general steam railroad system of transportation, nor in the general transportation of freight. The amount of freight business done by it is proportionately less, and relatively more unimportant, than in the Village of Hubbard Case. In the company's annual reports its gross receipts from these freight earnings are reported under express earnings. The company is not, in our opinion, subject to the jurisdiction and regulation of the Interstate Commerce Commission for the reasons set forth in our opinion in the Village of Hubbard Case.

The motion to dismiss will be denied. A preliminary injunction will be granted as prayed.